UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

DAVID GERALD BLAKE,                    Case No. 06-20314

                                                   Honorable Patrick J. Duggan
       Defendant.
_____/

## ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 10, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Presently before the Court is the Government's Motion to Amend Judgment in a Criminal Case, filed October 1, 2007.

On September 18, 2007, the Court sentenced Defendant David Gerald Blake. At the sentencing hearing, the Government requested that certain conditions be included in the Judgment. Specifically, counsel for the Government stated: "First off is the substance abuse program and also ordering the Defendant not to possess, consume, or be in possession of alcoholic beverages; not to frequent establishments whose primary business is serving alcohol, such as bars, pubs, or taverns." The Government further requested "[t]hat the Defendant successfully complete a Coast Guard Auxillary safe boating course before operating any vessel; and finally, that the Court order the Defendant not to board,

operate, or otherwise use a personal boat or pleasure craft during the first year of his probation term without written consent of the probation officer." In the present motion, the Government asks the Court to modify the Judgment to include these conditions *in toto*, contending that "the Court agreed with the Government's request for the first and second special conditions . . . and imposed these special conditions as part of its sentence." (Govt's Mot. at 2.)

The Court has reviewed the transcript of the sentencing hearing and finds nothing reflecting that the Court "agreed" with all of the special conditions requested by the Government. After Mr. Kennedy, counsel for the Government, requested the conditions, defense counsel expressed his opposition to the Government's request that Defendant not operate a pleasure craft during the first year of his probation term without the consent of the probation officer. The Court then pronounced its sentence.

The conditions the Court pronounced at the sentencing hearing are accurately reflected in the Judgment. The Court did not impose a condition prohibiting Defendant from "frequent[ing]" (whatever that means) establishments whose primary business is serving alcohol. The Court, however, did impose a condition requiring Defendant to participate in a program approved by the Probation Department for substance abuse, which program may include testing to determine if the Defendant has reverted to the use of drugs or alcohol. That condition certainly indicates a prohibition against Defendant reverting to the use of alcohol.

At the sentencing hearing, the Court also stated that Defendant shall successfully

complete a United States Coast Guard Auxillary safe boating course, which condition is included in the Judgment.  The Government contends that the "Court adopted the Government's proposed special condition regarding completion of a boating safety course and ordered the course be completed prior to the Defendant operating any boat." (Govt's Mot. at 2).  In its sentence, the Court did not order that the course be completed prior to Defendant operating any boat.

It may well be that the failure to require that the course be completed before Defendant operates a boat was an inadvertent omission by the Court.  Had Mr. Kennedy brought that "omission" to the Court's attention, the Court may have included it in the sentence.  However, when the Court specifically asked Mr. Kennedy whether the Government had anything further after the Court pronounced the sentence, Mr. Kennedy responded with only a motion to dismiss Counts 1, 3, and 4, pursuant to the plea agreement.  The Court did not include the condition in its statement from the bench and, therefore, it was not included in the Judgment.  The Judgment must reflect the sentence that the Court actually imposed, not a sentence that the Court "should have" imposed.

As defense counsel points out, even if the Court included the condition that Defendant complete the safe boating course before he operates a boat– and thus the formal Judgment inadvertently omitted such condition– it is doubtful, as Defendant also points out, that the Court has the power to "correct the Judgment."  Rule 35 of the Federal Rules of Criminal Procedure allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error."  However, the rule requires such correction

3

to be made within 7 days after sentencing and the Government's present motion was filed beyond that time period.

For the reasons set forth above,

**IT IS ORDERED**, that the Government's Motion to Amend Judgment is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
AUSA Larry R. Kennedy, II
James C. Thomas, Esq.